IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,832-01






EX PARTE JEDIDIAH ISAAC MURPHY








ON NOTICE OF UNTIMELY APPLICATION FOR WRIT OF HABEAS CORPUS


FILED IN CAUSE NO. W00-02424-M(A)


IN THE 194TH JUDICIAL DISTRICT COURT


DALLAS COUNTY






 Per Curiam. 


O R D E R



 This case is before us because an application for writ of habeas corpus has been
untimely filed pursuant to the provisions of Texas Code of Criminal Procedure Article
11.071. (1) 

 In June 2001, applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, and the trial court,
accordingly, set punishment at death. (2) On October 4, 2001, the trial court appointed Robert
P. Abbott to represent applicant in a post-conviction writ of habeas corpus under Article
11.071. On December 27, 2002, the State filed in this Court its brief on applicant's direct
appeal. Pursuant to Article 11.071, § 4(a), counsel should have filed applicant's application
for writ of habeas corpus, or a motion to extend the filing date, in the convicting court no
later than February 10, 2003. If a motion for an extension had been timely filed by counsel
and granted by the convicting court, applicant's application would have been due in that
court no later than May 12, 2003. (3) Art. 11.071, § 4(b). However, counsel failed to timely
file an application or for the statutorily authorized extension of time - instead, he filed his
motion for extension on March 24, 2003. See Art. 11.071, § 4(b). Counsel ultimately filed
applicant's application on May 12, 2003.

 Although counsel failed to timely file a motion for extension, and although we do not
find counsel's misreading of the statute to justify his actions, we do find it persuasive that
neither the State nor the court complained of or even pointed out the timing error. Indeed,
it was not until some five-and-a-half years later that anyone complained that the application
filed was not timely. Even then, the complaint came from a third party who was looking into
the status of the habeas action. We further find it important that the day the application was
actually filed was the day it would have been due had the motion for extension been timely
filed. Given these facts, we hold that the application was timely filed as of May 12, 2003,
and proceed to a review of the merits of the allegations raised. 

 Applicant presents twenty-three allegations in his application in which he challenges
the validity of his conviction and resulting sentence. Although an evidentiary hearing was
not held, the trial judge entered findings of fact and conclusions of law. The trial court
recommended that relief be denied. 

 This Court has reviewed the record with respect to the allegations made by applicant. 
We adopt the trial judge's findings and conclusions. Based upon the trial court's findings
and conclusions and our own review, the relief sought is denied.

 IT IS SO ORDERED THIS THE 25TH DAY OF MARCH, 2009.

Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal
Procedure.
2. This Court affirmed applicant's conviction and sentence on direct appeal. Murphy v.
State, 112 S.W.3d 592 (Tex. Crim. App. 2003).
3. May 11, 2003, would have been the actual date the application was due. However,
because that day fell on a Sunday, an application filed May 12, 2003, would have been
considered timely. See Tex. Gov't Code (Code Construction Act) § 311.014(b); Ex parte
Reynoso, 257 S.W.3d 715 (Tex. Crim. App. 2008).